No. 31
### STATE EX v. RAILROADS
Ohio Supreme Court, Nos. 17549, 17550 and 17552
May 18, 1922.
For full opinion see 105 OS., 225.
MANDAMUS

**APPEALS—County Ditches—(1) Jurisdiction challenged, how—Auditor no legal right to refuse to approve appeal bond—Mandamus.**

MARSHALL, C. J.:

Epitomized Opinion.
Error to Hancock Court of Appeals.

In proceedings for a joint county ditch, the county

## Weekly Advance Abstract Opinions
## CURRENT OHIO SUPREME COURT CASES

commissioners of Holmes County, approved a report of the surveyor, assessing defendants, who, within the proper time, filed a proper statement of appeal in the court of common pleas, then, within the proper time, the three parties assessed respectively properly filed their appeal bond with the county auditor and requested him to approve them. He marked them "filed," but acting upon the advice of the prosecutor refused to approve them, who viewed it that the sections of the statute under which the proceedings were being held did not provide for an appeal.

Proceedings upon the theory that Secs. 6474, 6475 and 6476 were applicable, a peremptory writ of mandamus was asked of the Supreme Court, by each of the three contentants, to compel the auditor to approve the bonds. Before the ten days for the approval had expired, hearing was had, and the Supreme Court held as follows:

1. That the auditor had no legal right to determine whether the case was appealable, it being his duty, in the absence of any valid objection to the form or sufficiency of the bond, to approve it, thereby submitting to the determination of the court of common pleas the entire proceeding, including the right to appeal.

The peremptory writ was allowed without any decision being made as to the application of the above cited sections, or the right of appeal.

**Attorneys**—Waters, Andrews, Southworth, Wise & Maxon; Harrington, DeFord, Hurley & Smith, and George W. Sharp, for plaintiffs; R. S. Putnam, Pros., for defendant.

